UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **JAMES DAVIS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **3:12-cv-02811-AKK** |
| **JK JOHNSON MECHANICAL** ) | |
| **CONTRACTORS INC, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Davis brings this action against Defendants JK Johnson Mechanical Contractors, Inc. ("JK Johnson"), GUBMK Construction, Inc. ("GUBMK"), T. Wayne Wallace, William B. Sansom, Marilyn A. Brown, William A. Graves, Barbara S. Haskew, Richard Howorth, and Neil McBride[1] (collectively "Defendants") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*., for alleged age and disability based discrimination and retaliation. Doc. 1. GUBMK seeks

---

[1] Sansom, Brown, Graves, Haskew, Howorth, and McBride are Tennessee Valley Authority ("TVA") Board Members. *See* doc. 1. Plaintiff specified that TVA employee T. Wayne Wallace is sued in his individual capacity, but did not make a similar designation for the board members. *See id.* Accordingly, the court presumes that the board members are being sued in their official capacity and, therefore, that the claim is raised against TVA itself.

dismissal of or, alternatively, summary judgment on, Davis's claims. Doc. 13. The motion is fully briefed and ripe for review. Docs. 13, 17, 19. For the reasons stated more fully below, GUBMK's motion to dismiss is **DENIED** with respect to the Rehabilitation Act and **GRANTED** in all other respects.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II. PROCEDURAL AND FACTUAL BACKGROUND[2]

Some time prior to 2011, Defendants hired Plaintiff as a Journeyman Machinist assigned to the Tennessee Valley Authority ("TVA") Power Service Shops in Muscle Shoals, Alabama.  Doc. 1 at ¶ 9.  In June 2011, JK Johnson subjected Plaintiff to a drug test and Plaintiff tested positive for prescribed arthritis medications.  *Id.* at ¶ 11.  Due to the positive drug test, TVA released

---

[2]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

Plaintiff from his employment contract. *Id*. at ¶ 12. Thereafter, Plaintiff attempted to demonstrate that his prescribed medications caused the positive test result by forwarding medical documentation from his health care providers and a verification statement from Dr. Joe Hall. *Id*. at ¶ 13.

In August, Plaintiff filed a union grievance after his union steward informed him a TVA manager barred Plaintiff from seeking further employment with TVA. *Id*. at ¶ 14. As part of the investigation, Plaintiff met with union representatives Johnny Crittenden and Jack Daniels and TVA supervisor T. Wayne Wallace to discuss his job status. *Id*. at ¶ 15. During the meeting, Wallace stated that he would not return Plaintiff to work because Plaintiff was "getting too old." *Id*. Consequently, Plaintiff contacted TVA's Equal Employment Opportunity Collateral Duty Counselor, Daisy Oakley, to complain of age and disability discrimination. *Id*. at ¶ 16. In light of Plaintiff and Oakley's inability to resolve the dispute during pre-complaint counseling, Plaintiff filed a formal complaint of age and disability discrimination with TVA's Equal Opportunity Compliance Agency ("EEOCA"). *Id*. Plaintiff subsequently filed an Equal Employment Opportunity Commision ("EEOC") charge of age and disability discrimination against JK Johnson. *Id*. at ¶ 18.

A few days after Plaintiff filed his EEOCA and EEOC charges, TVA

banned Plaintiff from its work sites for a three year period. *Id*. at ¶ 19. Three months later, in February 2010, Plaintiff's union sent him to work at a TVA site in Memphis, Tennessee. *Id*. at ¶ 20. However, based on its prior ban, TVA denied Plaintiff employment. *Id*. In the following months, Plaintiff's union sent him to work at a Day & Zimmerman TVA site, a TVA/GUBMK site, and other TVA sites, but each time Defendants barred Plaintiff. *Id*. at ¶¶ 21-23.

### III. ANALYSIS

In response to GUBMK's motion, Plaintiff conceded his claims under the ADA, ADEA, and Title VII. *See* doc. 17 at 2. Therefore, the only claims in contention are Plaintiff's Rehabilitation Act claims of discrimination and retaliation. GUBMK contends that these claims fail because Plaintiff failed to properly plead them and, alternatively, that it is due summary judgment. *See* docs. 13 and 19. The court discusses each contention below.

A.   **The Rehabilitation Act**

The Rehabilitation Act prohibits employment discrimination by federal agencies against qualified individuals with a disability. 29 U.S.C. § 791. To survive a motion to dismiss, a plaintiff must properly plead a prima facie case of discrimination, namely, "that (1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result

of his disability." *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999).

GUBMK contends that Plaintiff failed to properly plead a prima facie case because drug use is not a disability under the Act. Doc.13 at 7-8. This assertion is unavailing because Plaintiff's alleged disability is based on severe arthritis. Doc.1 at ¶¶ 11, 13. Next, GUBMK asserts that Plaintiff failed to plead causation by asserting that GUBMK specifically had knowledge of his asserted disability. Doc. 13 at 7-8. This assertion is likewise unpersuasive. Although Plaintiff only references GUBMK by name in two paragraphs of the complaint, doc. 1 at ¶¶ 5 and 22, Plaintiff includes GUBMK in the general identifier "Defendants" throughout the complaint. Specifically, Plaintiff alleges that he "had a record of [his] disability with [GUBMK] and/or was regarded by [GUBMK] as having such a disability . . . [but] [GUBMK] deliberately exclud[ed] him from employment without considering whether he could perform the job with or without reasonable accommodation," doc. 1 at ¶¶ 27-28, that GUBMK "unlawfully refused to hire [him] or . . . deprived him of employment opportunities because of disability," *id*. at ¶ 33, that GUBMK "promulgat[ed] and enforc[ed] discriminatory drug testing policies that discriminate against qualified individuals with disabilities," *id*. at ¶ 36, and that GUBMK "discriminated against Plaintiff by administering drug testing and/or utilizing test results in a manner that discriminated against qualified

6

individuals with disabilities," *id*. at ¶ 37.  Whether Plaintiff will ultimately be able to establish that GUBMK had knowledge of his disability and denied him employment because of his alleged disability is a matter for the court to address later.  For now, based on Plaintiff's allegations, the court finds that Plaintiff has sufficiently alleged that GUBMK had knowledge of his disability or regarded him as disabled and that GUBMK discriminated against him on the basis of this disability.  Therefore, GUBMK's motion is **DENIED**.

However, the court places Plaintiff on notice that it will not hesitate to tax costs and attorney's fees against Plaintiff if it becomes clear that Plaintiff continued to pursue his claims against GUBMK even though the evidence suggests that no credible basis exists to do so.

**B.    Alternative Motion for Summary Judgment**

GUBMK alternatively seeks summary judgment, based on its assertion that the Balentine Declaration attached to its motion to dismiss definitively establishes that Plaintiff's claims will fail.  *See* doc. 13.  However, "[a]s a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989).  Since Plaintiff has not been afforded an opportunity to conduct discovery regarding his Rehabilitation Act

claims against GUBMK, the motion is premature. Accordingly, GUBMK's alternative motion is **DENIED** without prejudice to file a renewed motion at the appropriate juncture.

## IV. CONCLUSION

For the reasons stated above, GUBMK's motion is **DENIED** with respect to Plaintiff's Rehabilitation Act claims, but **GRANTED** as to all other claims.

**DONE** this 7th day of March, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE